UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY SHANNON, | ) | |
| | ) | Court File No. 2:22-cv-00204 |
| Plaintiff, | ) | |
| | ) | Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | JOINT MOTION AND |
| TOMORROW ENERGY CORP., et al, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | SETTLEMENT APPROVAL |
| Defendants. | ) | |
| | ) | |

Plaintiff Timothy Shannon ("Plaintiff") and Defendants Tomorrow Energy Corporation

and Paul Keene (collectively, "Defendants") brings this motion for settlement approval.

I.    **FACTS**

Plaintiff filed this lawsuit on February 3, 2022, alleging Defendants and other co-

defendants failed to properly compensate Plaintiff and other similarly situated individuals in

violation the Fair Labor Standards Act ("FLSA") as well as Ohio and Pennsylvania state wage and

hour laws. Compl. ECF No. 1. Plaintiff alleges that Defendants employed Plaintiff and failed to

properly pay him minimum wage and failed to compensate him for all overtime hours worked. *See*

*generally id.* Defendants agreed to waive service with the parties eventually agreeing to a

responsive pleading deadline of May 23, 2022. Over the course of several weeks before the

pleading deadline, Plaintiff and Defendants engaged in several phone calls and emails exchanging

information and arguments on Plaintiff's claims against Defendants. During these exchanges,

Defendants identified several arguments on liability, including that Defendants did not employ

Plaintiff, that Defendant Keene was not the owner of Defendant Tomorrow Energy Corp., and that

Defendants did not have any agreement or contracts with the other co-defendants such that there

was a "single enterprise." Defendants also raised issues concerning whether any violation of federal or state wage laws occurred, the number of hours Plaintiff allegedly worked uncompensated, and whether liquidated or punitive damages would be available. Defendants further indicated that they intended to file a motion to dismiss on multiple issues. Assessing the exchanged information and arguments, Plaintiff and Defendants spent several weeks engaged in settlement discussions before eventually reaching an agreement to resolve Plaintiff's individual claim against Defendants. A copy of the settlement is attached as Exhibit A to this motion and filed under seal.

Plaintiff and Defendants jointly bring this motion to seek settlement approval for Plaintiff's individual claims against Defendants Tomorrow Energy Corp. and Paul Keene. The proposed settlement and motion have no effect on Plaintiff's claims against Defendants King Ashton Marketing Services, LLC; Kendra King; or Nicholas Ashton. Plaintiffs and Defendants respectfully requests the Court approve the settlement and dismiss Defendants Tomorrow Energy Corp. and Paul Keene.

## II.    LEGAL ANALYSIS

The Fair Labor Standards Act (FLSA) requires employers to pay all non-exempt employees minimum wage and at least one and a half times their regular rate of pay for hours worked in excess of forty hours per week. 29 U.S.C. §§ 206(a), 207(a)(1). An employer that violates the FLSA is liable for the unpaid compensation as well as potentially liquidated damages. *Id.* § 216(b). "The basic prerequisite for any FLSA lawsuit is an employment relationship between the plaintiffs and defendant." *Davis v. Abington Mem'l Hosp.*, 817 F. Supp. 2d 556, 563 (E.D. Pa. 2011) (citing 29 U.S.C. § 203(e)(1)).

1049127\311297463.v1

The Third Circuit has not addressed whether judicial approval of FLSA settlements is required. *Yibo Xu v. Xin Gu*, 2022 U.S. Dist. LEXIS 788, at *4 (E.D. Pa. Jan. 3, 2022); *Horton v. Right Turn Supply, LLC*, 455 F. Supp. 3d 202, 204 (W.D. Pa. 2020). Despite lacking a clear requirement for settlement approval, courts in this circuit have reviewed FLSA settlements at the request of the parties. *See Penska v. T.S. Dudley Land Co.*, No. 2:20-cv-435-NR, at *3 (W.D. Pa. Feb. 24, 2021) (stating courts may consider a motion for settlement approval of individual FLSA claim upon request from parties); *Fletcher v. Campbell Dev. Llc*, 2020 U.S. Dist. LEXIS 236208, at *2 (W.D. Pa. Dec. 16, 2020); (same) *Horton* 455 F. Supp. 3d at 205 (same).

Courts evaluating an individual FLSA settlement have noted that the factors[1] identified by the Third Circuit in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), for assessing class and collective settlements are "unhelpful." *Horton* 455 F. Supp. 3d at 206. Although courts have considered these criteria in FLSA settlements, "rigid application of those factors is neither required nor appropriate in the FLSA context." *Kapolka v. Anchor Drilling Fluids USA, LLC*, 2019 U.S. Dist. LEXIS 182359, at *8 (W.D. Pa. Oct. 22, 2019). The *Girsch* factors, as the *Horton* court explained, provide guidance when evaluating the fairness of a class settlement but "are less applicable in evaluating the reasonableness of a single-plaintiff." *Horton*, 455 F. Supp. 3d at 206. Instead, courts reviewing an individual FLSA settlement focus need only focus on a two-part, cost-benefit analysis: (1) "what are the anticipated costs of continuing to litigate the case?"; and (2) "what are the plaintiff's damages weighed against his likelihood of success?" *Id.*; *Penska v. T.S. Dudley Land Co.*, 2021

---

[1] The nine *Girsh* factors are: (1) the complexity, expense, and likely duration of litigation; (2) the reaction of the class to the settlement; (3) the stage of proceedings and amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risk of maintaining the class through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of the attendant risks of litigation. *See Kapolka v. Anchor Drilling Fluids USA, LLC*, 2019 U.S. Dist. LEXIS 182359, at *1 (W.D. Pa. Oct. 22, 2019).

U.S. Dist. LEXIS 34219, at *3 (W.D. Pa. Feb. 24, 2021) (approving individual FLSA settlement using two-part, cost-benefit test).

Both parts of the cost-benefit analysis favor approval of the individual FLSA settlement reached with Defendants. First, the cost of litigating Plaintiff's claims against Defendants would be significant. As an initial matter, Defendants indicated that they intended to bring a motion to dismiss on Plaintiff's claims, which would require a response that would drive up costs and potentially delay or preclude any recovery in the entire case. Assuming Plaintiff survived a motion to dismiss, Defendants identified numerous issues during settlement discussions that would likely be a point of contention requiring discovery and motion practice. Some of these disputed topics included whether Defendants employed Plaintiff, whether Defendants and co-defendants operated as a "single enterprise," whether any violation of federal or state wage laws occurred, the number of hours Plaintiff allegedly worked uncompensated, whether liquidated or punitive damages would be available, and the existence of affirmative defenses. Conducting discovery on these various issues specific to Defendants would require substantial time and expense, and there is a high likelihood that motion practice would be required on these disputed points. The potential time and cost required to litigate these issues favors resolution of Plaintiff's claim against Defendants.

Second, Plaintiff's settlement amount represents a significant recovery against his potential damages. While this case is still in its early stages and formal discovery is yet to be conducted, Plaintiff estimated Plaintiff's individual, non-liquidated damages around $18,270, with potential treble damages raising unpaid wages to $54,810, not including attorneys' fees and costs. The negotiated settlement will provide Plaintiff with $25,000, representing full recovery of alleged unpaid wages and a portion of alleged liquidated damages. The settlement also provides $25,000

4

in attorneys' fees and costs, which will cover a portion of the expenses incurred to date in this litigation. These amounts are significant given the potential risks and delay inherent in litigation.

In contrast to Plaintiff's potential recovery, the costs of continued litigation would likely be considerable. As mentioned above, Defendants intended to bring a motion to dismiss and dispute several issues related to liability and damages. Plaintiff would likely have to conduct substantial discovery and engage in motion practice that would only further drive up expenses. These efforts would drive up expenses and delay any amount that Plaintiff could potentially recover if Plaintiff was successful at trial.

Based on the cost-benefit analysis, Plaintiff's recovery of his estimated unpaid wages plus some of his alleged liquidated damages is reasonable in comparison to the likely expenses that would be incurred by continuing this litigation against Defendants.

## III.   CONCLUSION

After exchanging information and several rounds of settlement discussions, Plaintiff and Defendants reached an agreement that resolves Plaintiff's individual claims against Defendants. Approval of the settlement, although not required but sought out of an abundance of caution, is appropriate given the potential issues and costs that would come with litigating the Plaintiff's claims against Defendants. Plaintiff and Defendants respectfully request the Court approve the settlement; dismiss Plaintiff's claims against Defendants Tomorrow Energy Corp. and Paul Keene; and that this matter proceed against Defendants King Ashton Marketing Services, LLC, Kendra King and Nicholas Ashton.

1049127\311297463.v1

Respectfully submitted,

/s/*James L. Simon*
James L. Simon
LAW OFFICES OF SIMON & SIMON
5000 Rockside Road, Suite 520
Independence, Ohio 44131
P: (216) 525-8890
E: james@simonsayspay.com


*On behalf of Plaintiff*

**HINSHAW & CULBERTSON LLP**

*/s/ Alexander M. Baggio*
Alexander M. Baggio
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Telephone: 612-333-3434
Facsimile: 612-334-8888
abaggio@hinshawlaw.com

*On behalf of Defendants Tomorrow Energy
Corporation and Paul Keene*