## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is voluntarily made and entered into by and between Plaintiff Timothy Shannon ("Shannon") and Defendants Tomorrow Energy Corporation and Paul Keene (collectively, "Defendants"). Shannon and Defendants are collectively referred to as the "Parties" for purposes of the Agreement.

WHEREAS, Shannon alleges he was employed by Defendants from approximately July 2018 to March 2020;

WHEREAS, Shannon filed a lawsuit against Defendants in the Western District of Pennsylvania, case number 22-cv-00204-LPL, (the "Lawsuit") alleging Defendants failed to properly compensate him for all hours worked and failed to pay minimum wage under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.*; and the Ohio Minimum Fair Wage Standards Act, ORC § 4111, *et seq.*;

WHEREAS, Defendants deny the claims asserted against them and any liability or damages relating to Shannon's allegations and maintain that Defendants did not employ Shannon and complied at all times with all applicable laws and regulations;

WHEREAS, the Parties desire to resolve any dispute relating to Shannon's employment and allegations with the understanding that such resolution shall not constitute evidence of or be an admission of wrongful conduct, liability, or fault on the part of Defendants;

WHEREAS, the Parties desire to set forth the Agreement concerning the terms and conditions resolving Shannon's allegations and claims against Defendants; and

WHEREAS, the Parties represent that they each have been represented by counsel at all relevant time-periods, have had a chance to seek and obtain the advice of counsel, have read the Agreement, understand the terms of the Agreement, and are voluntarily entering into the Agreement.

THEREFORE, in consideration of the foregoing and the mutual benefits to be derived from the performance hereof, the Parties agree as follows:

1. **Scope of Release**

Subject to approval of the Court, in consideration of benefits inuring to the Parties, Shannon releases and forever discharges (i) Tomorrow Energy Corporation; (ii) Paul Keene; (iii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Tomorrow Energy Corporation; and (iv) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i),

(ii), or (iii) hereof (collectively, the "Released Parties")[1] from any and all claims, actions, demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether now known or unknown, asserted or unasserted, under any federal or state statute and common law, including, but not limited to, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Americans with Disabilities Act; the Age Discrimination in Employment Act ("ADEA"); the Employee Retirement Income Security Act of 1974; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended; the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.*; and the Ohio Minimum Fair Wage Standards Act, ORC § 4111, *et seq.*; or any other claim, regardless of the forum in which it might be brought, if any, which Shannon has, might have, or might claim to have against the Released Parties, or any of them individually, for any and all injuries, harm, damages, penalties, costs, losses, expenses, attorneys' fees, and/or liability or other detriment, if any whenever incurred, or suffered by Shannon as a result of any and all acts, omissions, or events by the Released Parties, collectively or individually, through the effective date of this Agreement.

## 2.    Settlement Amount

In consideration for signing this Settlement Agreement, and complying with it terms, Defendants agree to pay a maximum amount of Fifty Thousand Dollars and Zero Cents ($50,000.00). (the "Gross Settlement Payment"), which consists of:

    a.  All payments (including interest and liquidated damages) to Shannon;

    b.  All applicable federal, state, municipal, and local taxes; FICA; Social Security; Medicare; and other employee payroll deductions and withholdings from Shannon's settlement checks required by law; and

    c.  All attorneys' fees, costs, and expenses related to the Lawsuit, including without limitations all such fees and costs incurred in documenting the settlement, securing the Court's approval of the settlement, and obtaining dismissal of the Lawsuit.

Other than the Gross Settlement Payment, Shannon acknowledges that he is owed no further payment from Defendants or the Released Parties, including any amounts for additional compensation, liquidated damages, bonuses, benefits, paid time off, or expense reimbursements.

## 3.    Settlement Approval and Payment

The parties agree to submit this Agreement to the Court for approval. Within seven (7) calendar days of receiving Shannon's signature on this Agreement, Counsel for Defendants shall provide Counsel for Shannon with a draft motion for approval and proposed order (the "Settlement Approval Motion"). Upon receipt of the Settlement Approval Motion, Counsel for Shannon shall provide any revisions to the Settlement Approval Motion to Counsel for Defendants within five (5) calendar days. If the Court declines to approve this Agreement or any material part of it,

---

[1] King Ashton Marketing Services, LLC; Nickolas Ashton; and Kendra King are expressly excluded from the Scope of Release and nothing in this Agreement shall be construed to constitute any release of any claim that Shannon may have against King Ashton Marketing Services, LLC; Nickolas Ashton; or Kendra King.

Shannon's Counsel or Defendants' Counsel shall have the right to terminate the Agreement by providing written notice of their election to do so to counsel for the other party within seven (7) calendar days of an Order refusing or declining to approve of the Settlement or any material part of it. In the event one of the Parties elects to terminate the agreement after the Court denies approval of the Agreement or any material part of it, the Agreement shall become null and void, and the Parties shall be returned to their respective positions as if the Agreement was never entered into by the Parties.

Within seven (7) days of the Court issuing an order approving this Agreement and Defendants' receipt of IRS Forms W-9 and ACH payment instructions from Shannon and Shannon's counsel, Defendants shall distribute the Gross Settlement Payment in the form of a wire transfer or check in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00) The Gross Settlement Payment shall be allocated as follows: (i) Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) shall be designated as penalties, liquidated damages, and interest to Shannon and will be reported on IRS Form 1099 with no withholdings; and (ii) Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) shall be designated as attorneys' fees and costs to Shannon's Counsel and will be reported on IRS Form 1099 with no withholdings. Defendants shall issue separate IRS Form 1099s to Shannon and Shannon's Counsel.

## 4. Taxation and No Tax Advice

Shannon shall be obligated to obtain his own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments and/or other remuneration he receives or obtains pursuant to the Agreement, and shall further assume the responsibility of remitting to the Internal Revenue Service and any other relevant taxing authorities any and all amounts required by law to be paid out of any monies received, or other remuneration obtained, under the Agreement, without any contribution whatsoever from any of the Released Parties. Nothing in the Agreement shall be construed as Defendants or Defendants' Counsel providing any advice regarding the reporting or payment of taxes or the tax consequences of Shannon's participation in the Agreement.

## 5. No Admission of Liability

Nothing contained in the Agreement shall be construed as or deemed an admission of liability, damages, culpability, negligence, or wrongdoing on the part of Defendants or the Released Parties. Defendants, for themselves and the Released Parties, deny any liability or wrongdoing of any kind associated with the claims alleged or that could have been alleged.

## 6. Confidentiality

Shannon agrees that, unless compelled by legal process, he will not disclose to others and will keep confidential both the fact of and the terms of the Agreement, including the amounts referred to in the Agreement, except that he may disclose this information to his spouse and to his attorneys, accountants, and other professional advisors to whom the disclosure is necessary to accomplish the purposes for which Shannon has consulted such professional advisors. Shannon expressly promises and agrees that, unless compelled by legal process, he will not disclose to any present or former employees, vendors, agents, or contractors of Defendants or the Released Parties

1049127\310799966.v3

the fact or the terms of this settlement. In no event will Shannon make or cause to be made any comment, post, written statement, or press release on any social media site or to any member of the media concerning the fact of or the terms of this Agreement.

### 7.     Non-Solicitation Clause

Shannon agrees that he will not solicit, encourage, promote, or otherwise advocate for employees, independent contractors, or other individuals to pursue claims, actions, demands, liabilities, or causes of action against Defendants or the Released Parties.

### 8.     Inadmissibility of the Settlement Agreement

The Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms, or in a proceeding as evidence of Shannon's representations provided in Sections 2 and 14.

### 9.     Release Compromise of Bona Fide Dispute

The Parties agree that the terms of the Agreement represent a reasonable compromise of disputed claims and issues, arising from a bona fide dispute over unpaid overtime claims under The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended; the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.*; and the Ohio Minimum Fair Wage Standards Act, ORC § 4111, *et seq.*, and the merits of Plaintiff's claims and Defendants' defenses, and agree to represent the same to the Court. The Parties further agree that the Agreement is a fair, reasonable, and adequate resolution of Shannon's claims against Defendants.

### 10.   Waiver of Appeals

The Parties agree to, and do hereby waive all appeals with the sole exception that Shannon's Counsel can appeal a reduction, if any, in the amount of the attorneys' fees and costs that the Court awards. A denial of the requested fees and costs amount shall not void the Agreement or affect the entry of the Order approving of the Agreement.

### 11.   Mutual Full Cooperation

Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of the Agreement, and neither party shall take any action to oppose implementation of the Agreement or any of its terms. Defendants' counsel shall provide Shannon's Counsel with reasonable assistance necessary to draft all papers to be filed with the Court in conjunction with approval of the Agreement.

### 12.   Communications

Unless otherwise specifically provided, all notices, demands, or other communications given under the Settlement Agreement shall be in writing and shall be sent via e-mail and U.S. mail, addressed as follows:

1049127\310799966.v3

**To Shannon:**
James Simon, Esq.
Simon & Simon
5000 Rockside Road
Liberty Plaza Building, Suite 520
Independence, OH 44131
Phone: 216-525-8890
Email: james@bswages.com

**To Defendants:**
Alexander Baggio, Esq.
Hinshaw & Culbertson, LLP
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
Phone: 612-333-3434
Email: abaggio@hinshawlaw.com

## 13.   Construction

The Parties agree that the terms and conditions of the Agreement are the result of lengthy and intensive arms'-length negotiations between the Parties and that the Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of the Agreement. The Parties request that before declaring any provision of the Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in the Agreement.

## 14.   Representation by Shannon

Shannon represents and warrants that the Gross Settlement Payment represents full and complete compensation for all hours worked with Defendants and the Released Parties up through the date of his signature on the Agreement and for all liquidated, punitive, or other damages, attorneys' fees, and costs that may be available under or related to claims for unpaid wages under federal, state, or local law. Shannon further represents and warrants that no additional regular or overtime hours were worked with Defendants and the Released Parties beyond those alleged and resolved in the Agreement and that no additional wages, damages of any kind, attorneys' fees, or costs are owed beyond those alleged and resolved in the Agreement. Shannon further represents and warrants that he is not owed or entitled to any additional compensation, damages, attorneys' fees, or costs for hours worked with Defendants and the Released Parties up through the date of his signature on the Agreement.

## 15.   Representation by Counsel and Authority

Counsel for the Parties represent and warrant that they are fully authorized to enter into the Agreement.

1049127\310799966.v3

16.    **Captions and Interpretations**

Section titles or captions contained in the Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of the Agreement or any of its provisions.

17.    **Modification**

The Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties. The Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties and approved by the Court.

18.    **Integration Clause**

The Agreement contains the entire agreement between the Parties relating to the settlement of the Lawsuit, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Shannon, Defendants, or the Parties' legal counsel, are merged in the Agreement. No rights under the Agreement may be waived except in writing signed by the counsel for the Parties set forth in Section 17.

19.    **Binding on Assigns**

The Agreement shall be binding upon and inure to the benefit of the Parties, including the Released Parties as third-party beneficiaries to the Agreement, and their respective heirs, trustees, executors, administrators, successors, and assigns.

20.    **Counterparts and Facsimile Signatures**

The Agreement may be executed in counterparts, and when counsel deliver at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one agreement. The Agreement may be executed by facsimile signatures or email, which shall be deemed to be originals.

21.    **Applicable Law**

The Agreement shall be governed by and construed in accordance with federal law and the law of the State of Texas to the extent federal law does not apply.

[INTENTIONALLY LEFT BLANK]

1049127\310799966.v3

Dated: 6/28/2022

DocuSigned by:

8FF9E6C4F848454...

Timothy Shannon

Dated: 8/3/2022

On behalf of Tomorrow Energy Corporation

Chief Legal Officer

Title

Dated: **8-3-22**

Paul Keene

7

1049127\310799966.v3